DALE WARREN ADAMS and LANA SUE ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 891-82.
United States Tax Court
T.C. Memo 1984-67; 1984 Tax Ct. Memo LEXIS 600; 47 T.C.M. (CCH) 1069; T.C.M. (RIA) 84067; February 13, 1984. Dale Warren Adams, pro se. Patrick C. McGovern, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $1,430 deficiency in petitioners' 1979 Federal income tax. After concessions the issue for decision is whether traveling expenses incurred by Dale Warren Adams with respect to his employment at the San Onofre Nuclear Generating Station are deductible under section 162(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Dale Warren Adams (hereinafter petitioner) and Lana Sue Adams, husband and wife, resided in El Cajon, California, when they filed their *601 petition in this case. They filed a 1979 joint Federal income tax return with the Internal Revenue Service. Petitioner is a sheetmetal worker who was employed by University Mechanical and Engineering Contractors (hereinafter University) at the San Onofre Nuclear Generating Station (hereinafter SONGS) from January 28, 1976 through October 8, 1980. During February 1974, Bechtel Power Company contracted with Southern California Edison to construct two nuclear reactor facilities, Units 2 and 3, at the SONGS site. University contracted with Bechtel and Southern California Edison to work on the heating, ventilation and air conditioning systems at SONGS. Unit 2 was originally scheduled for completion in February 1980, approximately 64 months after construction began in May 1974, and Unit 3 was originally scheduled for completion in approximately May 1981. During construction the completion date of both units was periodically pushed forward, and neither unit was in fact completed until sometime in 1982. From 1976 through completion of the construction period University had a substantial requirement for sheetmetal workers. When University needed trade employees, it contacted the *602 Sheet Metal Workers' Union, Local 206, for referrals. Bechtel was responsibile for setting the policy used in determining which employees would be fired. The productivity of an employee was the factor used in determining which employees were laid off. The least productive employees were laid off first and the most productive employees were laid off last. Seniority was not a factor in determining who would be laid off. A good worker could expect to have a job at the SONGS site for as long as work was available. Petitioner considered himself to be a good employee. During 1979, petitioner received $3,733 in travel pay from University. As a union employee, petitioner was entitled to $16 per day in travel pay regardless of the distance actually traveled. On his 1979 return, petitioner deducted $4,890 as an employee business expense incurred in traveling to and from the SONGS site. Respondent disallowed the claimed deduction in its entirety. OPINION The essential facts herein do not differ from those in Aguirre v. Commissioner,T.C. Memo. 1984-66, issued on the same day as this opinion. As we noted in Aguirre v. Commissioner,supra, *603 the testimony of one of respondent's witnesses was offered in both of these cases. Petitioner was employed at the SONGS site for over four years at the time of trial. We find that petitioner's employment at SONGS was indefinite during 1979. For the reasons stated in Aguirre v. Commissioner,supra, and the authorities cited therein, petitioner is not entitled to deduct expenses of traveling to the SONGS site. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩